IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| OREGON NATURAL RESOURCES COUNCIL FUND, et al.,    )<br>  )<br>  Plaintiffs,    )<br>  )<br>  v.    )<br>  )<br>LINDA GOODMAN, et al.,    )<br>  )<br>  Defendants,    )<br>  )<br>  and    )<br>  )<br>MT. ASHLAND ASSOCIATION, dba )<br>SKI ASHLAND,    )<br>  )<br>  Defendant-Intervenor.)<br>-------------------------------)<br>ERIC NAVICKAS,    )<br>  )<br>  Plaintiff,    )<br>  )<br>  v.    )<br>  )<br>UNITED STATES FOREST SERVICE, )<br>  )<br>  Defendant,    )<br>  )<br>  and    )<br>  )<br>MT. ASHLAND ASSOCIATION, dba )<br>SKI ASHLAND,    )<br>  )<br>  Defendant-Intervenor.)<br>------------------------------- | Civil No. 05-3004-PA<br>     (lead case)<br><br>CONSOLIDATED CASES<br><br>Ninth Circuit No. 07-35110<br><br>**ORDER REGARDING REQUEST**<br>**FOR INJUNCTION BOND**<br><br><br><br><br><br><br><br><br><br>Civil No. 04-3109-PA |

/ / / /

/ / / /

1 - ORDER REGARDING REQUEST FOR INJUNCTION BOND

**PANNER, Judge.**

    The Plaintiff environmental groups bring this action against the United States Forest Service and the Regional Forester. Plaintiffs contend various environmental laws were violated by Defendants' approval of the Mount Ashland Ski Area Expansion Project. The Mount Ashland Association ("MAA"), proponent of the expansion, was permitted to intervene as a defendant. I entered judgment for Defendants on the merits. Plaintiffs appealed.

    A Ninth Circuit panel granted Plaintiffs' emergency motion for an injunction pending appeal, and ordered expedited briefing on the merits. The panel then remanded the matter to me "for the limited purpose of determining whether [an injunction] bond is warranted and, if so, in what amount."

## Legal Standards

    A party that obtains an interlocutory injunction must post a bond for "such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained." FRCP 65(c). The future harm need not be proven with absolute certainty in order to justify a bond, but it cannot be too speculative or contingent either.

    The district court does have "discretion to dispense with the security requirement, or to request mere nominal security, where requiring security would effectively deny access to judicial review." Save Our Sonoran, Inc. v. Flowers, 408 F.3d 1113, 1126 (9th Cir. 2005) (citations omitted). Each case must be evaluated on its facts. Ultimately, the court has broad

2 - ORDER REGARDING REQUEST FOR INJUNCTION BOND

equitable discretion to determine what constitutes a "proper" bond under the particular circumstances.

### Discussion

MAA contends the bond should be fixed at $500,000. Plaintiffs contend the bond should be waived or for a nominal amount. After reviewing the parties' submissions, I determine that no bond will be required at this time.

My decision is not founded upon any special solicitude for environmental plaintiffs or the financial status of their respective organizations. Rather, MAA has not made a sufficient showing that it may be harmed by the injunction.

The City of Ashland holds the Special Use Permit authorizing operation of the ski area, and owns the buildings and other improvements. MAA leases the ski area from the City. At present, there exist significant disputes between MAA and its landlord--the City of Ashland--regarding the expansion project. It remains to be seem whether the City will give the project its blessing. The record also reflects disputes over permit requirements and other matters concerning the expansion project.

For purposes of this proceeding, I do not attempt to resolve these various disputes. Some key participants, such as the City, are not parties to the present litigation. Nor do I decide whether, as a matter of law, MAA must obtain particular permits or if MAA must obtain the City's approval before proceeding with the project. It is sufficient to say there are at least colorable arguments which persuade this court that--even apart

/ / / /

3 - ORDER REGARDING REQUEST FOR INJUNCTION BOND

from the injunction--MAA would still have hurdles to surmount before it could undertake the expansion project.[1]

Nor has MAA shown the injunction is likely to result in significant delay.  Even before the injunction was issued, the schedule for much of the expansion project work had been postponed until 2008.  Ultimately, whether MAA may sustain harm as a result of the injunction is just too speculative to require posting a bond at this time.

The injunction will be in effect only for a short time before being re-evaluated by an appellate panel.  Oral argument before the Ninth Circuit is scheduled for next month, at which time the merits panel can elect to retain or lift the injunction.  This expedited review also minimizes the likelihood of any potential harm to MAA.

MAA can ask this court to reconsider its decision on the bond if significant new factual developments occur prior to the Ninth Circuit oral argument.

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

---

[1]   Even if MAA were unable to proceed with the full expansion project at this time, I don't discount the possibility MAA potentially could fell some trees or perform other actions that Plaintiffs contend would result in irreparable harm to the environment.  For that reason, the injunction is not meaningless.

4 - ORDER REGARDING REQUEST FOR INJUNCTION BOND

## Conclusion

Plaintiff are not required to post an injunction bond at this time.

IT IS SO ORDERED.

DATED this 11th day of June, 2007.

_____
Owen M. Panner
United States District Judge

5 - ORDER REGARDING REQUEST FOR INJUNCTION BOND